UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 1:20-cv-24958-KMW

COMPONENTS ONLY PTY LTD,
a foreign corporation,

    Plaintiff,

v.

BURTON INTERNATIONAL, INC.,
d/b/a MB GLOBAL, a Florida limited
liability company, MICHELLE
BURTON, CHRISTOPHER BURTON,
ERNESTO WEISSON, HEAVY WOODS
LTDA EIRL, a foreign corporation,
and JORGE LUIS VILLANEUVA
MACPHERSON,

    Defendants.

_____/

**DEFENDANT, ERNESTO WEISSON'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant, ERNESTO WEISSON ("Weisson"), by and through his undersigned counsel, hereby files his Answer and Affirmative Defenses to Plaintiff, COMPONENTS ONLY PTY LTD's Complaint, and states:

**PARTIES, JURISDICTION, AND VENUE**

    1.    Admitted for jurisdictional purposes only.

    2.    Without knowledge and therefore denied.

    3.    Without knowledge and therefore denied.

    4.    Without knowledge and therefore denied.

    5.    Without knowledge and therefore denied.

6. Admitted for jurisdictional purposes only.

7. Without knowledge and therefore denied.

8. Without knowledge and therefore denied.

9. Admitted for jurisdictional purposes only.

10. Denied.

11. Without knowledge and therefore denied.

## **BACKGROUND ALLEGATIONS**

12. Without knowledge and therefore denied.

13. Without knowledge and therefore denied.

14. Without knowledge and therefore denied.

15. Without knowledge and therefore denied.

16. Without knowledge and therefore denied.

17. Without knowledge and therefore denied.

18. Without knowledge and therefore denied.

19. Without knowledge and therefore denied.

20. Without knowledge and therefore denied.

21. Without knowledge and therefore denied.

22. Without knowledge and therefore denied.

23. Without knowledge and therefore denied.

24. Without knowledge and therefore denied.

25. Without knowledge and therefore denied.

26. Without knowledge and therefore denied.

27. Without knowledge and therefore denied.

28. Without knowledge and therefore denied.

29. Without knowledge and therefore denied.

30. Without knowledge and therefore denied.

31. Without knowledge and therefore denied.

32. Without knowledge and therefore denied.

33. Without knowledge and therefore denied.

34. Without knowledge and therefore denied.

35. Without knowledge and therefore denied.

36. Without knowledge and therefore denied.

37. Without knowledge and therefore denied.

38. Without knowledge and therefore denied.

39. Without knowledge and therefore denied.

40. Without knowledge and therefore denied.

41. Without knowledge and therefore denied.

42. Without knowledge and therefore denied.

43. Without knowledge and therefore denied.

44. Without knowledge and therefore denied.

45. Without knowledge and therefore denied.

46. Without knowledge and therefore denied.

47. Without knowledge and therefore denied.

48. Without knowledge and therefore denied.

49. Without knowledge and therefore denied.

50. Denied.

51. Without knowledge and therefore denied.

## COUNT I – BREACH OF CONTRACT

The allegations for Breach of Contract contained in paragraphs 52-57 do not pertain to Weisson, and Weisson therefore neither admits nor denies them.

## COUNT II – FRAUD IN THE INDUCEMENT

The allegations for Fraud in the Inducement contained in paragraphs 58-63 do not pertain to Weisson, and Weisson therefore neither admits nor denies them.

## COUNT III – FRAUDULENT MISREPRESENTATIONS

The allegations for Fraudulent Misrepresentations contained in paragraphs 64-69 do not pertain to Weisson, and Weisson therefore neither admits nor denies them.

## COUNT IV – CONSPIRACY TO COMMIT FRAUD

The allegations for Conspiracy to Commit Fraud contained in paragraphs 70-73 do not pertain to Weisson, and Weisson therefore neither admits nor denies them.

## COUNT V – AIDING AND ABETTING FRAUD

The allegations for Aiding and Abetting Fraud contained in paragraphs 74-77 do not pertain to Weisson, and Weisson therefore neither admits nor denies them.

## COUNT VI – CONVERSION

78. Weisson adopts and re-alleges his responses to paragraphs 1-51 as though fully set forth herein.

79. Without knowledge and therefore denied.

80. Without knowledge and therefore denied.

81. Denied.

82. Denied.

Weisson denies that Plaintiff is entitled to the relief demanded in the Ad Damnum clause.

## COUNT VII – UNJUST ENRICHEMNT

83. Weisson adopts and re-alleges his responses to paragraphs 1-51 as though fully set forth herein.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

Weisson denies that Plaintiff is entitled to the relief demanded in the Ad Damnum clause.

## AFFIRMATIVE DEFENSES

1. Weisson's First Affirmative Defense is that he has not taken any act inconsistent with Plaintiff's right to possess the subject property.

2. Weisson's Second Affirmative Defense is that Plaintiff did not confer a benefit onto him, and consequently, he has no obligation to pay any value to Plaintiff.

3. Weisson's Third Affirmative Defense is that Plaintiff cannot maintain an action against him for Unjust Enrichment where there is an express contract out of which this action arises.

4. Weisson reserves the right to amend these defenses as discovery is ongoing.

Dated this 16th day of April 2021.

Respectfully submitted,

WALDMAN BARNETT, P.L.
3250 Mary Street, Suite 102
Coconut Grove, Florida 33133
Telephone:  (305) 371-8809
Telecopier:  (305) 448-4155
*Counsel for Defendant, Ernesto Weisson*

By: ___*/s/ Julie A. Levine*___
  **Glen H. Waldman, Esq.**
  Fla. Bar No. 618624
  **Julie Levine, Esq.**
  Fla. Bar No. 1007991

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served on all counsel of record using the Florida E-filing Portal on this 12th day of April, 2021.

  ___*/s/ Julie A. Levine*___
  Julie A. Levine, Esq.